UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNILEOUS SMITH**                          **CIVIL ACTION**

**VERSUS**                                    **NO. 24-799-JWD-SDJ**

**WILBUR HUGHES, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 15, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNILEOUS SMITH**

**VERSUS**

**WILBUR HUGHES, ET AL.**

**CIVIL ACTION**

**NO. 24-799-JWD-SDJ**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 5), alleging that removal to this Court was untimely. The Motion is opposed (R. Doc. 6). For the reasons discussed below, the undersigned **RECOMENDS** that the Motion to Remand be **DENIED**.

**I.      Background**

Plaintiff initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, on or about March 1, 2024. (Petition, R. Doc. 1-1). In his Petition, Plaintiff alleges that on April 7, 2023, he was injured when his truck and trailer were struck from behind by Defendant's van. (R. Doc. 1-1 at 1-2). Plaintiff alleges "serious personal injuries primarily to his spine, which has necessitated ongoing medical treatment," and lists as damages medical expenses, physical and mental pain and suffering, disability and disfigurement, mental anguish, loss of enjoyment of life, and any other applicable damages. (R. Doc. 1-1 at 2-3). The Petition states that damages sought are in excess of $50,000, but makes no further allegation regarding the federal jurisdictional minimum of $75,000. (R. Doc. 1-1 at 3). On September 25, 2024, Defendants removed the matter to this Court, asserting federal diversity jurisdiction per 28 U.S.C. § 1332(a)(2)—Plaintiff is domiciled in Texas, Defendant Hughes in California, and Defendant State Farm a citizen of

Illinois; and Plaintiff's settlement demand seeks $250,000, well in excess of the $75,000 jurisdictional minimum. (R. Doc. 1 at 4-5).

**II       Removal Standard**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. Code Civ. P. art. 893(A)(1). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim."). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.' " *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' " *Miller v. Verdugo*, No. 19-97, 2019 WL 826477, at *2 n. 13 (M.D. La. Feb. 21, 2019) (quoting *De Aguilar*, 47 F.3d at 1412). Finally, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III.    Arguments of the Parties

In his Motion for Remand, Plaintiff submits that removal was untimely. Plaintiff explains that Defendants propounded Requests for Admission to Plaintiff on July 19, 2024, inquiring as to the amount in controversy. (R. Doc. 5-1 at 2). These included:

> **Request for Admission No. 1**: Admit or deny that the amount of your cause of action (or causes of action, if more than one) against State Farm and Wilbur Hughes in your Petition for Damages filed on or about March 1, 2024, exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.
>
> **Request for Admission No. 2**: Admit or deny that the total amount in controversy in this case exceeds the sum or value of seventy-five thousand dollars ($75,000.00), inclusive of all actual damages, exemplary damages, statutory penalties and attorney's fees, exclusive of costs and judicial interest.

(R. Doc. 5-1 at 3). Plaintiff avers that he did not provide answers to the Requests for Admission within thirty days of service, and so the admissions were deemed admitted on August 20, 2024,[1] per the Louisiana Code of Civil Procedure, Art. 1467. (R. Doc. 5-1 at 6). Plaintiff argues that this tacit admission that the amount in controversy exceeds $75,000 constitutes "other paper" under 28 U.S.C. § 1446(b)(3) and triggers the removal period—making the deadline for removal September 19, 2024.[2] In support, Plaintiff cites several cases in the Western and Eastern Districts of Louisiana finding that requests for admission deemed admitted for lack of timely response *do* constitute other paper.

In opposition to the Motion to Remand, Defendants argue that, while the Eastern and Western Districts of Louisiana have recognized deemed-admitted requests for admission as "other

---

[1] Response would have been due on Monday, August 19, 2024.
[2] Plaintiff calculates the deadline slightly differently, putting the deadline on September 17. The Court calculated thusly: Requests for Admission were propounded on July 19, 2024. Thirty days later is Sunday, August 18, 2024. When a deadline falls on a Saturday, Sunday, or legal holiday, the period runs through the next day that is not a weekend or holiday. Fed. R. Civ. P. 6(a)(1)(C). Therefore, responses to the Requests for Admission were due Monday August 19, 2024. Furthermore, "the last day ends, for electronic filing, at midnight in the court's time zone". Fed. R. Civ. P. 6(a)(4)(A). And so, the responses were not untimely until August 20, 2024. A removal period of thirty days from that day would have ended on Thursday, September 19, 2024.

paper" triggering the removal period, this District has rejected that view. Defendants argue that the removal period is not triggered until it is "unequivocally clear and certain" that the matter is removable. Defendants assert that removal is timely because Plaintiff's settlement demand of August 26, 2024, was the first demand of a specific amount above the jurisdictional threshold. (R. Doc. 1 at 2).

### IV.  Discussion

The only question before the Court is whether removal of this case was timely. Plaintiff argues that the period for removal was triggered by his lack of response to requests for admission; Defendants argue that the period was triggered by Plaintiff's settlement demand. This Court has thoroughly addressed the issue of establishing amount in controversy with unanswered requests for admission:

> [Failure to respond to a request for admission regarding the amount in controversy] is not sufficient to carry Defendants' burden because, as one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.' "

*Peña-Nevarro v. Nguyen*, No. CV 22-143-BAJ-EWD, 2023 WL 5989535, at *7 (M.D. La. Aug. 28, 2023), report and recommendation adopted, No. CV 22-00143-BAJ-EWD, 2023 WL 5989530 (M.D. La. Sept. 14, 2023) (quoting *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017)).

Considering a deemed admission as affirmative evidence of the amount in controversy, this Court has determined that "while a party's failure to timely respond to a request for admission results in the statement being deemed admitted under Louisiana law, such 'admissions' 'are only one factor a court may consider when determining whether the amount in controversy is sufficient

to support federal jurisdiction.'" *Corceone v. Garing*, No. CV 23-1-SDD-EWD, 2023 WL 2899273, at *6 (M.D. La. Apr. 11, 2023) (quoting *Franklin v. Tom Hassel Transport, Inc.*, No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019)). Further,

> [C]ourts have acknowledged that an unanswered request would render the statement admitted, but "such admissions are only one factor a court may consider when determining whether the amount in controversy is sufficient to support federal jurisdiction." *DeJean v. Mars Wrigley Confectionery*, No. 20-623-SDD-EWD, 2020 WL 5900137, at *2 (M.D. La. Oct. 5, 2020)(citing *Jones v. AAA Club Family Ins. Co.*, No. 07-6988, 2007 WL 4365443, at *1 (E.D. La. Dec. 10, 2007)("[Plaintiff's] failure to answer [request for admission] cannot support this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed.")). This is in accordance with the jurisdictional principle that "litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent." *Id.*

*Miller v. Target Corp. of Minnesota*, No. CV 20-2508, 2021 WL 1311267, at *6 (E.D. La. Apr. 8, 2021).

In the Fifth Circuit, information supporting removal per §1446(b)(3) must be "unequivocally clear and certain" to start the time limit running for removal. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Because this Court has routinely determined that an unanswered request for admission regarding amount in controversy, though deemed admitted, is not sufficient on its own to invoke this Court's jurisdiction, it must follow that such an admission cannot, without more, start the clock on the removal period. And so, the removal period here did not begin to run on August 20, 2024, when the requests were deemed admitted, but rather on August 26, 2024, when Plaintiff submitted his demand. Therefore, removal was timely on September 25, 2024.

**V.      Conclusion**

Considering the foregoing, the undersigned **RECOMMENDS** that the Motion to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 15, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**